[Civ. No. 10890. Second Appellate District, Division Two.—April 9, 1936.]

JOHANNA COYNE, Plaintiff and Appellant; D. JOSEPH COYNE, Cross-Defendant and Appellant, v. J. A. MASON et al., Defendants; WESTERLIC CORP., LTD., et al., Respondents.

D. Joseph Coyne, *in pro. per.*, and E. S. Williams for Appellants.

John J. Ford, Frank M. Benedict and Ford, Benedict & Ford for Respondents.

CRAIL, P. J.—On the first page of her brief the plaintiff succinctly states the questions involved on this appeal as follows: "Is the Moratorium Statute of October 25, 1933 (Chapter 1057—Statutes of 1933, page 2717), valid, and was the trust deed sale held in this instance in violation of that statute?"

The plaintiff and her husband, the cross-defendant, executed to the insurance company their promissory note for the sum of $10,000, with interest at 6 per cent per annum, in which they agreed to pay $110.50 per month, including principal and interest until the said sum had been fully paid. The note contained the following further promise: "The makers hereof further agree to pay in addition to the sum of $110.50, per month, the further sum of $31.05, as a monthly installment covering premium on an insurance policy for the sum of $10,000.00 issued by the holder to D. Joseph Coyne. The total monthly payments to be made shall be the sum of $141.55, each, in advance. If any monthly installment is not paid as hereinbefore specified when due, this whole note, in-

cluding both principal and interest, may, at the option of the holder, without notice to the maker, be treated as due and collectable. This note is secured by a Deed of Trust of even date herewith.'' They also executed a trust deed upon real property improved with a single family dwelling to secure the said note and agreed therein that said sums should be paid monthly during the existence of the trust deed. These payments were duly made until the one which fell due on the 1st of February, 1933, which was not paid. Plaintiff claims that in March, 1933, she was able and willing to pay and offered to pay the instalments of $110.50. Defendants dispute this, and claim that there is substantial evidence to sustain the implied finding of the trial court that no such offer was made. It is not necessary for us to determine this dispute, however, for the reason that in any event plaintiff did not offer to pay and never offered to pay and never did pay the delinquent monthly payment on the life insurance policy, which by the terms of the note she had promised to pay on February 1, 1933. No further payments were made. On July 10, 1933, the insurance company recorded its notice declaring the entire indebtedness to be immediately due and also notice of its election to cause the property to be sold as provided in the trust deed, and the trustee thereunder proceeded to foreclose and sell the property. The insurance company became the purchaser. The plaintiff refused to surrender possession, but, on the contrary, commenced this action against the insurance company to quiet her title to the property. The court rendered judgment in favor of defendants, and it is from this judgment that plaintiff and cross-defendant appeal.

■ It is the contention of plaintiff that the payments of the premiums on the life insurance policy were not secured by the deed of trust; that the deed of trust secured only the payment of the principal and interest instalments amounting to $110.50 per month; that the policy of life insurance ceased to exist by its own terms 30 days after the default of February 1, 1933, and therefore no further premiums became due or payable thereunder; that thereafter the plaintiff had a right to pay and offer to pay the instalments of $110.50 per month, which instalments only, she contends, were secured by the deed of trust, and thus, by keeping those instalments paid, to prevent any foreclosure, and that the insurance com-

pany had no right to attach as a condition of the payment of those instalments the payment for insurance.

Plaintiff did agree and promise in the note to pay the sum of $31.05 monthly for insurance. Furthermore, the note was secured by the deed of trust and the deed provided that if the plaintiffs failed to make payments on the insurance as they fell due, then the insurance company might at its option and without notice declare all debts and moneys thereby secured to be immediately due and payable and might proceed to foreclose under the deed of trust. It also contained the stipulation that upon default in the payment of any monthly instalment of the life insurance policy the insurance company was authorized to accelerate the maturity and to have the property sold as provided in the deed of trust. There is no merit in plaintiff's contention.

Plaintiff further contends that the deed of trust comes squarely within the provisions of the moratorium statute above referred to and that the trustee's sale on November 10, 1933, was in violation of that statute. The part of the statute upon which plaintiff relies reads as follows: ''Section 1. No sale shall be made under any power of sale contained in any mortgage or deed of trust executed before May 8, 1933, upon real property improved with a single family dwelling, nor shall any sale be made under any final decree of foreclosure rendered in any action to foreclose a mortgage executed before May 8, 1933, upon real property improved with a single family dwelling, in any case in which the only default in the performance of the obligation for which said mortgage or deed of trust was given as security consists solely of the failure to pay when due instalments of the principal sum of such obligation which became due according to the terms of the obligation between May 8, 1933, and December 31, 1933, inclusive, until at least six months after the due date of the last instalment of the principal sum of such obligation. Nothing contained in this act shall prevent the acceleration, by reason of the nonpayment of taxes, interest or insurance, of the entire obligation secured by any such mortgage or deed of trust, nor prevent the sale thereunder by reason of such default.''

It is apparent from the recital of facts which we have heretofore made that this was not a ''case in which the only default in the performance of the obligation for which said

. . . deed of trust was given as security consists solely of the failure to pay when due instalments of the principal sum of such obligation which became due according to the terms of the obligation between May 8, 1933, and December 31, 1933''. The sums concerning which defaults were made became due prior to and not during the period of time specified in said act. The statute has no application to the facts in this case, and as it has no application to the facts it becomes unnecessary for us to comment upon the plaintiff's further contention that said statute is constitutional.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1936.